UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-22300-MORENO

ROLANDO HERNANDEZ
and VICTOR DAVALOS AMARO,

    Plaintiffs,

v.

PROGRESSIVE AMERICAN
INSURANCE COMPANY and
PROGRESSIVE EXPRESS
INSURANCE COMPANY,

    Defendants.
_____/

**DEFENDANT PROGRESSIVE EXPRESS INSURANCE COMPANY'S PARTIAL MOTION TO DISMISS PLAINTIFF DAVALOS AMARO'S CLAIMS RELATED TO SALES TAX AND INCORPORATED MEMORANDUM OF LAW**

Defendant Progressive Express Insurance Company ("Progressive Express"), pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss for lack of standing and failure to state a claim Plaintiff Victor Davalos Amaro's ("Davalos Amaro") claim in Count II of the Class Action Complaint for Damages (ECF No. 1) that he, and a putative class, were not paid sales tax, because the Settlement Summary attached as Exhibit G to the Complaint confirms he was paid $964.73 in sales tax. In support of this Motion, Defendants rely on the memorandum of law incorporated herein.

**I.    PLAINTIFFS' COMPLAINT**

Plaintiffs allege that two distinct Progressive entities, Progressive American Insurance Company and Progressive Express Insurance Company, breached their respective policies

following car accidents because they failed to pay Plaintiffs each of the following expenses for Plaintiffs' total loss: 1) title transfer fees, 2) tag transfer fees, and 3) sales tax. (*See* Compl. ¶¶ 77–78, 88–89.) Plaintiff Davalos Amaro was an insured under a Progressive Express Insurance Company policy. (*See id.* ¶¶ 12, 35.) Plaintiff Rolando Hernandez ("Hernandez"), on the other hand, was the named insured under a policy issued by Defendant Progressive American Insurance Company ("Progressive American"). (*See id.* ¶¶ 12, 26.) The Complaint asserts two nearly identical counts for breach of contract – one count for each of the Plaintiffs and Defendants. (*Id.* at pp. 13–16.) Count I is asserted by Hernandez (individually and on behalf of a putative class) against Progressive American, while Count II is asserted by Davalos Amaro (individually and on behalf of a putative class) against Progressive Express. Plaintiffs seek damages, attorneys' fees, costs, and interest. (*Id.* ¶¶ 80–81, 91–92; *see also* Prayer for Relief.)

Plaintiffs' breach of contract claims are based, in part, on the theory that Progressive American and Progressive Express allegedly failed to pay sales tax to insureds on total loss claims. Davalos Amaro's breach of contract claim should be dismissed in part because Davalos Amaro was, in fact, paid sales tax by Progressive Express. Indeed, Plaintiffs attach a Settlement Summary to the Complaint that expressly shows he was paid more than 6% in sales tax. (*Id.* at Exhibit G.) Specifically, the Settlement Summary details payment to Davalos Amaro of $964.73 in taxes, which is more than 6.3% of the $15,245.45 in market value paid to Davalos Amaro for his totaled vehicle. (*See id.*; *see also* ¶¶ 37–38.) As a result, Davalos Amaro does not possess a viable individual claim for breach of contract for a purported failure to pay sales tax. Similarly, without an individual claim, Davalos Amaro also lacks standing to assert such a claim on behalf of any putative class.

## II. ARGUMENT

### A. Legal Standards.

Motions challenging standing attack the Court's subject matter jurisdiction and are therefore considered pursuant to Fed. R. Civ. P. 12(b)(1). *See Doe v. Pryor*, 344 F.3d 1282, 1284 (11th Cir. 2003). If a party lacks standing to bring a matter before the court, the court lacks jurisdiction to decide the merits of the underlying case. *Nat'l Franchisee Ass'n v. Burger King Corp.*, 715 F. Supp. 2d 1232, 1238 (S.D. Fla. 2010). To satisfy Article III's standing requirements, a plaintiff must "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of subject matter jurisdiction by either facial or factual attack. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007)). "A 'facial attack' on the complaint 'require[s] the court merely look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

Courts consider a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A formulaic recitation of the elements of the cause of action will not do," *Twombly*, 550 U.S. at 555, and the allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation," *Iqbal*, 556 U.S. at 678.

### B.     Davalos Amaro Cannot Bring a Breach of Contract Claim for the Alleged Failure to Pay Sales Tax.

#### 1.     Davalos Amaro's individual claim fails because he was paid sales tax.

As a matter of law, dismissal is appropriate when a plaintiff cannot establish standing to seek the requested relief. *See, e.g.*, *Big Five Properties, Inc. v. Certain Underwriters At Lloyd's, London*, No. 12-23916-CIV-KING, 2013 WL 12091814, at *6 (S.D. Fla. Feb. 27, 2013) (dismissing breach of contract claim where plaintiff lacked standing to assert a claim for an injury he had not experienced); *Case v. Miami Beach Healthcare Grp., Ltd.*, 166 F. Supp. 3d 1315, 1319–20 (S.D. Fla. 2016) (dismissing plaintiff's complaint for lack of standing where allegations were insufficient to establish injury).

Similarly, "[f]actual disclosures found in exhibits to a pleading can be the basis for dismissal when they reveal information preventing recovery as a matter of law." *Berry v. U.S. Bank, N.A.*, No. 14–24877–CIV, 2015 WL 11233192, at *6 (S.D. Fla. Apr. 29, 2015) (finding dismissal appropriate for failure to state claim where facts in exhibit contradicted conclusory allegations of harm in complaint) (citing *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate."); *Simmons v. Peavy–Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940) ("Where there is a conflict between allegations in a pleading and exhibits thereto, it is well settled that the exhibits control."); *see also Griffin*

*Indus., Inc., v. Irvin*, 496 F.3d 1189, 1205–06 (11th Cir. 2007) ("[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").[1]

Davalos Amaro's breach of contract claim is based, in part, on Progressive Express's alleged failure to pay sales tax amounting to 6% plus local surtax of the actual cash value of his total-loss vehicle. (*See* Compl. ¶¶ 32–33, 41–42, 47, 88–89.) But Davalos Amaro was, in fact, *paid* more than 6% in sales tax on the actual cash value of his total loss vehicle. (*See id.* ¶¶ 37–39 and Exhibit G.)[2] Specifically, the Settlement Summary attached to the Complaint states that Davalos Amaro was paid $964.73 in taxes, which is more than 6.3% of the $15,245.45 in market value paid to Davalos Amaro for his totaled vehicle. (*See id.* ¶¶ 37–38 and Exhibit G.)

Even Plaintiffs recognize the important distinction between Davalos Amaro and Hernandez with respect to sales tax—Davalos Amaro was paid the full amount of sales tax. (*Compare id*. ¶¶ 31–32 (alleging that Hernandez was paid "only $142.56 in sales tax – a mere 0.003% of the vehicle value," and no "amount for title transfer fees or registration transfer fees") *with id*. ¶ 38 (alleging as to Davalos Amaro only that "[n]o amount for title transfer fees or registration transfer fees was included in the settlement amount").) Simply stated, Davalos Amaro lacks standing to bring a claim for failure to pay sales tax when his own Complaint demonstrates he was paid sales tax. *See Big Five Properties*, 2013 WL 12091814, at *6.

---

[1] Exhibits are considered part of the pleading to which they are attached "for all purposes." Fed. R. Civ. P. 10(c); *see Solis–Ramirez v. U.S. Dep't of Justice*, 758 F.2d 1426, 1430 (11th Cir. 1985) ("Under Rule 10(c) Federal Rules of Civil Procedure, such attachments are considered part of the pleadings for all purposes, including a Rule 12(b)(6) motion.").

[2] Plaintiffs further allege that Defendants "refuse to pay the amount in sales tax owed" where "an insured leases the total-loss vehicle." (Compl. ¶ 4.) Davalos Amaro, however, *owned* his vehicle and was therefore paid sales tax as required by Florida statute. (*See id.* ¶ 34.)

Likewise, Davalos Amaro fails to state a breach of contract claim as to payment of sales tax as Exhibit G indisputably shows he was paid sales tax. *See Berry*, 2015 WL 11233192, at *6.

Moreover, the allegation that Davlos Amaro should have been paid title transfer and tag transfer fees does not save his sales tax claim. *See Blum v. Yaretsky*, 457 U.S. 991, 999 (1982) ("Nor does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject."); *see also Navellier v. Florida*, 672 Fed. App'x 925, 928–30 (11th Cir. 2016) (noting that "[i]ndividual standing requirements must be met by anyone attempting to represent his own interests or those of a class" and holding that, while plaintiffs had standing to pursue certain types of claims, they were not permitted to assert claims on behalf of a proposed class as to the types of claims where plaintiffs did not possess their own standing); *Big Five Properties*, 2013 WL 12091814, at *6 (dismissing named plaintiff's claim where he had "not sustained an actual injury like the one alleged for the putative class members"). Without standing, he cannot maintain this claim.

### 2.   Davalos Amaro's purported class claim meets a similar fate.

Because Davalos Amaro lacks standing to bring his individual sales tax claim, he cannot represent a purported class attempting to bring a sales tax claim. "[J]ust as a plaintiff cannot pursue an individual claim unless he proves standing, a plaintiff cannot represent a class unless he has standing to raise the claims of the class he seeks to represent." *Wooden v. Bd. of Regents of Univ. Sys. of Ga.*, 247 F.3d 1262, 1288 (11th Cir. 2001); *see also Hall v. Aetna Life Ins. Co.*, 759 F. Supp. 2d 1321, 1325 (N.D. Fla. 2010) ("Bringing a suit in the form of a class action does not abrogate the individualized standing requirement."). A named plaintiff in a putative class action *must* have standing or the case is subject to dismissal. *See Hammond v. Reynolds Metals*

*Co.*, 219 Fed. App'x 910, 915 (11th Cir. 2007) (dismissing, *sua sponte*, named plaintiffs' claims for lack of standing); *Mediterranean Villas Condo. Ass'n v. Moors Master Maintenance Ass'n*, No. 11-23302-Civ., 2012 WL 882508, at *2–4 (S.D. Fla. Mar. 14, 2012) (dismissing complaint where the named plaintiff homeowners' association lacked standing to assert class claims on behalf of the individual owners).

Since Davalos Amaro does not possess a viable breach of contract claim for the alleged failure to pay sales tax, there is no named plaintiff that possesses any such claim against Progressive Express. Accordingly, Davalos Amaro's individual claims as well as all class claims against Progressive Express related to the payment of sales tax must be dismissed.

### III.   CONCLUSION

Simply, the allegations of the Complaint and the Settlement Summary attached as Exhibit G to the Complaint irrefutably demonstrate that Davalos Amaro cannot, as a matter of law, pursue a breach of contract claim based on an alleged failure to pay sales tax because he was paid sales tax. As such, he lacks standing to assert the claim on behalf of himself and a putative class. His claim based on an alleged failure to pay sales tax should, therefore, be dismissed from Count II of the Complaint.

Respectfully submitted,

s/ *Bryan T. West*
Marcy Levine Aldrich (FBN 0968447)
Bryan T. West (FBN 83526)
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street
Miami, Florida 33131
Telephone: 305.374.5600
Facsimile: 305.374.5095
E-mail: marcy.aldrich@akerman.com
bryan.west@akerman.com

Karl A. Bekeny (pro hac vice motion pending)
Benjamin C. Sassé (pro hac vice motion pending)
Courtney E. S. Mendelsohn (pro hac vice motion pending)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113
Telephone: 216.592.5000
Facsimile: 216.592.5009
E-mail: karl.bekeny@tuckerellis.com
benjamin.sasse@tuckerellis.com
courtney.mendelsohn@tuckerellis.com

*Attorneys for Defendants Progressive American Insurance Company and Progressive Express Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2019, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System.

*/s/ Bryan T. West*
Attorney