IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CIV-22300-MORENO

ROLANDO HERNANDEZ
and VICTOR DAVALOS AMARO,
individually and on behalf of all
others similarly situated,

      Plaintiffs,

v.

PROGRESSIVE AMERICAN
INSURANCE COMPANY and
PROGRESSIVE EXPRESS
INSURANCE COMPANY,

      Defendants.

_____/

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER
AND INCORPORATED MEMORANDUM OF LAW**

Defendants Progressive American Insurance Company ("Progressive American") and Progressive Express Insurance Company ("Progressive Express") respectfully oppose Plaintiffs' Motion to Transfer this case ("*Hernandez*") to the same division and Court overseeing the putative class action styled as *Paris v. Progressive American Ins. Co.*, No. 19-cv-21761-WPD (S.D. Fla. Ft. Lauderdale Div.) ("*Paris*"). The instant action is already in Plaintiffs' chosen forum. Plaintiffs filed this putative class action in this Court, and the Clerk properly assigned the case to the Miami Division based on Plaintiffs' county of residence. (*See* ECF No. 26, Pls. Mot. to Transfer, at 4.) Plaintiffs have not articulated sufficient grounds to warrant transfer to the Fort Lauderdale Division.

## I.     INTRODUCTION

Plaintiffs' Motion to Transfer is a transparent attempt at forum shopping by combining a plaintiff who is already part of the *Paris* putative class with a new "Progressive" defendant and a new plaintiff. *Hernandez* and *Paris* both involve one common defendant—Progressive American—and a breach of contract claim on behalf of a putative class alleging that Progressive American breached its insurance policies because it failed to pay each of the following expenses for Plaintiffs' and the putative classes' total loss of their vehicles: 1) title transfer fees, 2) tag transfer fees, and 3) sales tax. (*See* ECF No. 1, Compl. ¶¶ 77-78, 88-89; *see also Paris* ECF No. 32, Sec. Am. Compl.) Another point of overlap, the *Hernandez* Plaintiffs are represented by the same attorneys from the same four plaintiffs' law firms that represent the *Paris* Plaintiffs. (Pls. Mot. to Transfer, at 2.)

But this is where the similarities end. *Hernandez* and *Paris* also involve separate putative class claims brought by separate individual plaintiffs against completely separate insurance providers, Progressive Express in *Hernandez* and Progressive Select Insurance Company ("Progressive Select") in *Paris*. Plaintiffs summarily assert without support that "[a]ll Defendants are part of the Progressive family of Florida insurers" (Pls. Mot. to Transfer, at 2), but they do not suggest in their motion how or why these separate entities should be treated as one and the same for purposes of transfer and/or consolidation (and, of course, they should not be).

Plaintiffs' counsel—the same counsel in both cases—made a strategic decision to bring a separate lawsuit against Progressive American (and Progressive Express), with an admittedly overlapping claim subsumed by their prior putative class, despite the fact that these same counsel

filed *Paris* seven months earlier.[1] Plaintiffs' counsel chose to file a separate lawsuit against one common defendant and one new defendant and then take a convoluted route of trying to suggest relation, transfer, and consolidation to now bring the new defendant, Progressive Express, to the *Paris* case when Plaintiffs would otherwise have no grounds to transfer the case against Progressive Express. That is, had Plaintiffs' counsel not filed a second, duplicative action against Progressive American, counsel would have no argument to transfer a separate lawsuit against a separate insurer, Progressive Express, to the *Paris* court for consolidation.

Progressive Express is a wholly different entity with a non-identical insurance policy. Plaintiffs have not presented anything but unsupported conclusions to suggest that the issues against Progressive Express in *Hernandez* would be analyzed in the same way as the issues before the *Paris* Court. Ironically, Plaintiffs argue that transfer "will conserve judicial resources and ensure efficiency and consistency to transfer (and then consolidate) this case." (Pls. Mot. to Transfer, at 5.) Plaintiffs' counsel's filing of a duplicative lawsuit against Progressive American actually undermines their argument and reveals their true motivation—bringing Progressive Express to their chosen forum.

## II.    ARGUMENT

Plaintiffs argue that three rules—the first-filed rule, 28 U.S.C. § 1404(b), and Internal Operating Procedure ("IOP") 2.15.00—support their request for transfer and consolidation with the *Paris* case in the Fort Lauderdale Division. (Pls. Mot. to Transfer, at 5.)[2] None, in fact,

---

[1] Plaintiff Rolando Hernandez's claim on behalf of a putative class against Progressive American is essentially identical to the pending putative class claim against Progressive American in *Paris*. Hernandez's claim is subsumed within the previously filed claim in *Paris*.

[2] Plaintiffs invoke Fed. R. Civ. P. 42(a) in the opening sentence of their Motion but do not again refer to this rule in their motion or memorandum. Rule 42(a) permits consolidation of actions involving common questions of law or fact. As Plaintiffs themselves recognize (Pls. Mot.

support their requested transfer under the circumstances of this case. Instead, this Court's Local Rules actually support this Court's retention of the case here in its county of origin. The Court should exercise its discretion and deny Plaintiffs' motion and decline transfer.

A. **Plaintiffs' Filing of a Duplicative Lawsuit to Enable Their Forum-Shopping Renders the First-Filed Rule Inapplicable.**

The first-filed rule does not apply here. As a general principle, under the first-filed rule, "when parties have instituted competing or parallel litigation in separate courts, the court initially having jurisdiction should hear the case." *Carl v. Republic Sec. Bank*, No. 018981CIV, 2002 WL 32167730, at \*3 (S.D. Fla. Jan. 22, 2002). Transfer of a later-filed action, however, is not automatic under this rule. The first-filed "rule is not meant to be rigid, mechanical, or inflexible, but is to be applied in a manner that best serves the interests of justice." *Id*. "[I]t is appropriate to depart from the general rule when there is a showing the balance of convenience tips in favor of the second forum or there are special circumstances which justify giving priority to the second action." *Id*.; *E.E.O.C. v. Univ. of Pennsylvania*, 850 F.2d 969, 972 (3d Cir. 1988) (explaining that the first-filed rule "is not a mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping. District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule.") (collecting U.S. Supreme Court and federal appellate and district court cases). "Bad faith and forum shopping have always been regarded as proper bases for departing from the rule." *E.E.O.C.*, 850 F.2d at 976 (collecting federal appellate and district court cases); *see also, e.g.*, *Chaban Wellness LLC v. Sundesa, LLC*, No. 15-cv-21497, 2015 WL 4538804, at \*3 (S.D. Fla. July 27, 2015) (declining to apply first-filed rule

---

to Transfer, at 1 n.1), Rule 42(a) is inapplicable to the question of transfer.

where forum shopping motivated plaintiffs' actions); *Carl*, 2002 WL 32167730, at *3 (S.D. Fla. Jan. 22, 2002) (finding first-filed rule inapplicable).

Any judicial economy thought to be achieved by the first-filed rule in general does not apply here where the second lawsuit only exists to achieve Plaintiffs' counsel's goal of moving this case to *Paris* for consolidation (and meanwhile adds to the burden on the Court's resources by filing a duplicative action). Plaintiffs' procedural maneuvering in filing a duplicative action against Progressive American in an attempt to provide it with grounds to bring the Miami-resident Plaintiff Hernandez and new defendant Progressive Express to Plaintiffs' preferred forum in Fort Lauderdale warrants departure from the general rule. *See E.E.O.C.*, 850 F.2d at 976; *Chaban Wellness*, 2015 WL 4538804, at *3; *Carl*, 2002 WL 32167730, at *3.

### B. Section 1404(b) Does Not Support Transfer in This Case.

Plaintiffs briefly cite 28 U.S.C. § 1404(b) in support of their requested transfer, but analysis of that statute reveals that transfer is not, in fact, appropriate. Courts considering transfer under § 1404(b) apply the same analysis commonly employed under § 1404(a). *Reyes v. JA & M Developing Corp.*, No. 12-61329-CIV, 2012 WL 3562024, at *3 (S.D. Fla. Apr. 17, 2012). Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A party seeking transfer bears the burden to demonstrate that transfer is appropriate and must support its request with "specific facts" rather than mere speculation and conclusions. *Reyes*, 2012 WL 3562024, at *5 (denying plaintiff and defendant's § 1404(b) joint motion to transfer from Fort Lauderdale division to Miami division because their motion consisted of conclusory assertions); *Rothschild Trust Holdings, LLC v. Orb Networks, Inc.*, No. 06-22921-CIV, 2007 WL 9707015, at *3 (S.D. Fla. May 15, 2007) (denying transfer

and explaining that the burden is on "the moving party[] to establish that there should be a change of forum" by "a clear cut and convincing showing"). "Ultimately, transfer can only be granted where the balance of convenience of the parties *strongly* favors the [party seeking transfer]." *Steifel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1339 (S.D. Fla. 2008) (emphasis in original).

"The standard for transfer under 28 U.S.C. § 1404(a) leaves much to the broad discretion of the trial court, and once a trial judge decides that transfer of venue is or is not justified, the ruling can be overturned only for clear abuse of discretion." *Trafalgar Capital Specialized Inv. Fund (In Liquidation) v. Hartman*, 878 F. Supp. 2d 1274, 1281 (S.D. Fla. 2012); *see also Enivert v. Progressive Select Ins. Co.*, No. 14-CV-80279, 2014 WL 12461360, at *1 (S.D. Fla. Apr. 28, 2014) ("Local Rule 3.8 [regarding notice of similar actions], IOP § 2.15.00[], and § 1404 are *discretionary*.") (emphasis in original) (denying transfer of putative class action presenting identical claims against an insurer as earlier-filed related action against a different insurer). In *Enivert*, the plaintiff "claim[ed] that these cases boast identical questions of fact and law and it will save the Court time and resources to transfer this action to Judge Scola where the [related] action is pending. The Court disagree[d]." *Id.* at *1. The court observed that the cases involved different insurance carrier defendants, each with their own different policies under which different class members received different payments. *Id.* Even though the plaintiffs in both cases brought the same claims against the insurers, the court held that any judicial economy saved by having two courts looking at similar issues would be "overshadowed by the variances in discovery necessitated by distinct insurance company defendants with separate claims-handling procedures and isolated sets of proprietary information." *Id.*

Here, Plaintiffs provide only a cursory analysis of the § 1404 factors.  (Pls. Mot. to Transfer, at 4-5.) Plaintiffs include no factual support for the elements of transfer, or their conclusions that the discovery is the same and the issues to be analyzed are the same. (*See id*. at 5.) They overemphasize, without support, the alleged similarity between the cases as the greatest reason to transfer this case. Admittedly there are similarities between the claims against Progressive American in both *Hernandez* and *Paris*—that is, because Plaintiff Hernandez would be a member of the putative class in *Paris* yet his same counsel filed a duplicative action on his behalf. Plaintiffs wholly ignore the fact that *Paris* involves a second defendant, Progressive Select, while *Hernandez* involves a third defendant, Progressive Express. Plaintiffs attempt to gloss over these overt differences by stating in a conclusory manner only that "there are common corporately-related defendants who employ the same challenged claims handling policies and practices" and "the policy language at issue is identical." (*Id*. at 5.) But Plaintiffs have not, as they must, supported their request for transfer with "specific facts" rather than mere speculation and conclusions. *See Reyes*, 2012 WL3562024, at *5.

### C.    <u>The Court's Internal Operating Procedures Do Not Require Transfer.</u>

Under IOP 2.15.00, the "decision to transfer an action to a different U.S. District Court Judge in the Southern District of Florida is wholly discretionary . . . [Parties] have no standing to dictate which judge should preside over [an] action." *Sec. & Exch. Comm. v. Regions Bank*, No. 09-22821-CIV, 2010 WL 3632769, at *3 (S.D. Fla. Sept. 1, 2010) (citing IOP 2.15.00 and denying motion transfer).

This Court has declined to exercise its discretion under IOP 2.15.00 and denied transfer of cases involving the same or similar claims against the same defendant. *See, e.g.*, *Cabanas v. Mediolanum Holdings, LLC*, No. 12-24439-CIV, 2013 WL 12126310, at *1 (S.D. Fla. Feb. 25,

2013); *Sader v. Padron*, No. 1:18-cv-22891-UU, 2018 WL 6788786, at *1 (S.D. Fla. Aug. 21, 2018). For the same reasons articulated against application of the first-filed rule and transfer under § 1404, the Court should similarly decline to exercise its discretion to transfer this case pursuant to IOP 2.15.00.

### D.     The Court's Local Rules Reinforce the Appropriateness of this Case Remaining in the Miami Division.

The Court's Local Rules specifically mandate the appropriate forum within the Southern District: "Actions and proceedings *shall* be tried in their county of origin." S.D. Fla. L.R. 3.1 (emphasis added). Here, the county of origin is Miami-Dade County, as the first-named Plaintiff in this case is a resident of Miami-Dade County. (*See* Compl. ¶ 9; Pls. Mot. to Transfer, at 4.) Nor should the Fort Lauderdale Division be deemed the county of origin, as neither of the Plaintiffs resides within the Fort Lauderdale Division. (*See id.* ¶¶ 9-10 (alleging that Plaintiff Hernandez resides in Miami-Dade County and Plaintiff Amaro resides in Palm Beach County).)

Plaintiffs fail to reference this Local Rule 3.1 or explain how any of the Rule's three stated exceptions might apply to warrant deviation from the county of origin—and none of the exceptions applies here. *First*, the "interest of justice" exception does not apply because Plaintiffs knowingly filed a separate lawsuit with a Miami-Dade plaintiff. Instead of perhaps moving to amend in the *Paris* case (as, in fact, *Hernandez* and *Paris* share the same plaintiffs' counsel), they made a strategic decision to file a new lawsuit and burden the Courts and Progressive American with duplicative putative class actions. *Second*, the "status of the docket" does not apply, as this Court has entered a Scheduling Order in this case, indicating that this Court's docket in the Miami Division enables it to proceed over this case in an expeditious manner, with trial set to begin in just eight months in April 2020. (*See* ECF No. 23.) *Third*, there

are no Speedy Trial Act concerns, as this is a civil case. Thus, Local Rule 3.1 dictates that the Miami Division is the appropriate forum for this case.

### III.    CONCLUSION

In sum, Plaintiffs' Motion to Transfer is based on conclusory statements that lack the factual detail necessary to demonstrate transfer is appropriate. Moreover, Plaintiffs' procedural maneuvering is aimed at selecting their preferred forum and finds no support in the rules or case law relating to transfer. For these reasons, the Motion to Transfer should be denied.

Dated: August 30, 2019                                Respectfully submitted,


                                                      */s/Bryan T. West*
                                                      Marcy Levine Aldrich (FBN 0968447)
                                                      Bryan T. West (FBN 83526)
                                                      AKERMAN LLP
                                                      Three Brickell City Centre
                                                      98 Southeast Seventh Street
                                                      Miami, Florida 33131
                                                      Telephone:    305.374.5600
                                                      Facsimile:    305.374.5095
                                                      E-mail:       marcy.aldrich@akerman.com
                                                                    bryan.west@akerman.com

                                                      Karl A. Bekeny (admitted pro hac vice)
                                                      Benjamin C. Sassé  (admitted pro hac vice)
                                                      Courtney E. S. Mendelsohn  (admitted pro hac vice)
                                                      TUCKER ELLIS LLP
                                                      950 Main Avenue, Suite 1100
                                                      Cleveland, Ohio 44113
                                                      Telephone:    216.592.5000
                                                      Facsimile:    216.592.5009
                                                      E-mail:       karl.bekeny@tuckerellis.com
                                                                    benjamin.sasse@tuckerellis.com
                                                                    courtney.mendelsohn@tuckerellis.com


                                                      *Attorneys for Defendants Progressive American*
                                                      *Insurance Company and Progressive Express*
                                                      *Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2019, a copy of the foregoing DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO TRANSFER AND INCORPORATED
MEMORANDUM OF LAW was filed electronically.  Notice of this filing will be sent to all
parties by operation of the Court's electronic filing system.  Parties may access this filing
through the Court's system.

Respectfully submitted,

*s/Bryan T.West*
Marcy Levine Aldrich (FBN 0968447)
Bryan T. West (FBN 83526)
AKERMAN LLP
Three Brickell City Centre
98 Southeast Seventh Street
Miami, Florida 33131
Telephone:    305.374.5600
Facsimile:    305.374.5095
E-mail:        marcy.aldrich@akerman.com
                bryan.west@akerman.com

Karl A. Bekeny (admitted pro hac vice)
Benjamin C. Sassé  (admitted pro hac vice)
Courtney E. S. Mendelsohn  (admitted pro hac vice)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio 44113
Telephone:    216.592.5000
Facsimile:    216.592.5009
E-mail:        karl.bekeny@tuckerellis.com
                benjamin.sasse@tuckerellis.com
                courtney.mendelsohn@tuckerellis.com

*Attorneys for Defendants Progressive American
Insurance Company and Progressive Express
Insurance Company*

10